IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RONALD L. SUBER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Civil Action No. 09-1049 |
| | ) | Magistrate Judge Bissoon |
| JOHN KERESTES; THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY; and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

Ronald Lee Suber ("Petitioner"), a state prisoner, pleaded guilty to one count of Rape, one count of Involuntary Deviate Sexual Intercourse ("IDSI"), one count of Indecent Assault, one count of Indecent Exposure and one count of Corruption of Minors in the sexual assault of a seven year old girl, who was being baby sat by Petitioner's wife.

At the guilty plea hearing, the District Attorney summarized the factual basis of the plea, describing what evidence the Commonwealth would have produced, had the case gone to trial, as follows:

> She [i.e., the victim] would testify that she was asleep on the couch. She awoke when the defendant pulled down her underwear. He then proceeded to lick her vagina, took her underwear off, exposed his penis, touched her, then climbed on top of her and put his penis in her vagina.
> She went to Children's Hospital where she was checked out and gave an interview. Samples were taken from the defendant and the victim, and the DNA in fact in this case came back that it would be 1 in 381 time[s] 10 to the 15th power among the Negroid population that it is not Ron Suber, which I believe is one of the biggest numbers and strongest matches we've ever had in Allegheny County.

ECF No. 7 at 9 (quoting state court record, ("SCR") Guilty Plea Transcript ("GPT") at 5 to 6).

Petitioner now seeks to attack his conviction pursuant to 28 U.S.C. § 2254. Because we find that the state courts rejected several of his claims on the merits, and because Petitioner fails to show either 1) that the state courts' disposition of his claims was contrary to or an unreasonable application of then-existing United States Supreme Court precedent, or 2) that the state courts' factual determinations were unreasonable, those claims do not afford Petitioner relief. The remaining claims that were not addressed by the state courts have been procedurally defaulted and cannot serve as a basis for relief here.

### A. Procedural and Factual History

After having gone through several attorneys, which resulted in several requests for continuances by Petitioner, and faced with the overwhelming evidence of his guilt, Petitioner finally pled guilty. He did so without a plea agreement. He pled guilty in July 2004, and was sentenced in September 2004. At count 1, Rape, the court sentenced Petitioner to 5 to 10 years. At count 2, IDSI, the court sentenced him to 5 to 10 years, to be served consecutively to the rape count. No further punishments were imposed at the other counts. Hence, Petitioner's total aggregate sentence was 10 to 20 years. Petitioner did not file a motion to withdraw the guilty plea or a direct appeal

In January 2005, a PCRA petition was filed on behalf of Petitioner and subsequently a hearing was conducted. At that hearing, it was decided that the PCRA petition would be treated as a *nunc pro tunc* post-sentence motion and the hearing would be conducted as a hearing on the *nunc pro tunc* post sentencing motion. The trial court denied the *nunc pro tunc* post-sentencing motion[1] and Petitioner's counsel filed a direct appeal.[2] The Superior Court affirmed the denial of

---

[1] ECF No. 7-6 at 18 to 28 (trial court slip opinion, denying the *nunc pro tunc* post-sentencing motion).
[2] In that direct appeal, Petitioner raised the following issues:
(footnote continued on next page)

relief, adopting the trial court's opinion, as its own. ECF No. 8-2 at 19-24; id., at 22 ("The trial court's opinion addresses all particulars of the contentions advanced by both Appellant and by the Commonwealth. We shall not reiterate that analysis, but rather we incorporate it by reference and adopt it as our own reasoning.").

Thereafter, Petitioner filed a PCRA petition, ECF No. 8-4 at 1 to 9, and had counsel appointed but counsel filed a no-merit letter and was permitted to withdraw. The PCRA court then denied the PCRA petition. ECF No. 8-4 at 36. Petitioner filed a pro se appeal.[3] The Superior Court denied relief. ECF No. 8-7 at 1 to 10.

---

> [1.] DID THE TRIAL COURT ERR IN DENYING APPELLANT'S POST SENTINCING MOTIONS AND IN FAILING TO ADDRESS APPELLANT'S CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A HABEAS CORPUS PETITION REGARDING THE RAPE CHARGE SINCE THERE WAS ABSOLUTLY [sic] NO EVIDENCE PRESENTED AT THE PRELMINARY HEARING THAT WOULD HAVE SUPPORTED A *PRIMA FACIE* FINDING OF RAPE, AND TRIAL COUNSEL WAS INEFFECTIVE FOR ADVISING DEFENDANT TO PLEAD GUILTY TO RAPE?
>
> [2.] DID THE TRIAL COURT ERR IN DENYING APPELLANT'S POST SENTENCING MOTIONS SINCE TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A HABEAS CORPUS PETITION REGARDING THE RAPE CHARGE SINCE THERE WAS ABSOLUTLY [sic] NO EVIDENCE PRESENTED AT THE PRELIMINARY HEARING THAT WOULD HAVE SUPPORTED A *PRIMA FACIE* FINDING OF RAPE, AND TRIAL COUNSEL WAS INEFFECTIVE FOR ADVISING DEFENDANT TO PLEAD GUILTY TO RAPE; HENCE, WAS APPELLANT'S PLEA INVOLUNTARY, UNKNOWING AND UNINTELLIGENTLY ENTERED?

ECF No. 8-1 at 10.

[3] In that pro se appeal, Petitioner raised the following issues:

> a. Whether trial counsel provided ineffective assistance by failing to file a motion to dismiss pursuant to Pa. R.Crim.P. 600?

(footnote continued on next page)

Petitioner then filed the current Section 2254 petition, wherein he raises the following issues:

> Ground A. The State unreasonably delayed in bringing Petitioner to trial. This violated Petitioner's right to due process of law, as guaranteed by the Fifth Amendment to the U.S. Constitution.
> Supporting Facts: Petitioner was arrested on 11/18/01 and charged with rape and Involuntary Deviate Sexual Intercourse. Preliminary hearing was held on 12/12/01. Guilty plea was entered on 7/6/04. 967 days expired between arrest and guilty plea.
>
> Ground B. Petitioner was convicted on the basis of a guilty plea that was the product of ineffective assistance of counsel. This violated Petitioner's right to due process of law, as guaranteed by the Fifth Amendment to the U.S. Constitution. . . .
> Supporting Facts: No counsel met with Petitioner for any sufficient length of time to determine the validity of the victim's complaints. Petitioner's plea was the result of his reliance upon counsel's assurances that the sentences would be run on a concurrent basis.
>
> Ground C. Petitioner was given unconstitutional multiple sentences for committing a single criminal act. This violated Petitioner's right against cruel and unusual punishment as guaranteed by the Eighth Amendment to the U.S. Constitution. . . .
> Supporting Facts: The rape and Involuntary Deviate Sexual Intercourse charges should have and were promised to merge for sentencing purposes in that they constituted a single offense thereby rendering the sentence illegal.

---

b. Whether trial counsel provided ineffective assistance by failing to meet with appellant for sufficient length of time to determine the validity of the victim's complaints?
c. Whether trial counsel provided ineffective assistance by unlawfully inducing his plea?
d. Whether trial counsel provided ineffective assistance of counsel by failing to file post sentence motion to reconsider sentence?
e. Whether the sentence imposed is illegal since the offenses [of rape and IDSI] merged for sentencing purposes?

ECF No. 8-6 at 6.

ECF No. 3 at 8 & 10. Respondents filed an answer, ECF Nos. 7 & 8, in which they argued that Petitioner procedurally defaulted some of his claims and, in the alternative, that the claims were meritless. Petitioner filed a traverse. ECF No. 14.

### B. AEDPA is applicable

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (AEDPA), which amended the standards for reviewing state court judgments in federal habeas petitions, filed under 28 U.S.C. § 2254, became effective on April 24, 1996. Because Petitioner's habeas petition was filed in the year 2009, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C. § 2254(d) and (e). In order to merit habeas relief, AEDPA places the burden on Petitioner to show that the state courts' adjudication of his claims was contrary to or an unreasonable application of then-existing United States Supreme Court precedent or, in the alternative to show that the state courts' factual determinations were unreasonable. Williams v. Taylor, 529 U.S. 362 (2000).

### C. Discussion

As to Petitioner's first claim that his federal constitutional rights were violated because the Commonwealth unreasonably delayed bringing him to trial, Respondents point out that Petitioner procedurally defaulted this claim because, although he raised a similar state law claim of untimely trial under Pa.R.Crim.P. 600, he never presented this claim of allegedly unreasonable delay as a claim under the United States Constitution. We agree.

5

The issue, which Petitioner raised in state court, was not even an issue of the violation of Pa.R.Crim.P. 600 as such, but rather, the claim raised was a claim that his trial counsel were ineffective for failing to raise the alleged violation of Pa.R.Crim.P. 600. ECF No. 8-6 (Statement of Questions Involved). Even if we generously treated such a claim of ineffectiveness as having raised the underlying issue of the violation of Pa.R.Crim.P. 600, such a claimed violation of Rule 600 is solely a claim of state law and not a claim under the United States Constitution. Such a claimed violation of state rules of criminal procedure fails to make out a claim cognizable in federal habeas proceedings. See, e.g., Williams v. City of Philadelphia, No. CIV.A. 86-1670, 1986 WL 4828, at *1 (E.D. Pa. April 21, 1986) ("[F]ailure to follow Rule 1100 [i.e., the predecessor of Rule 600[4]] violates neither the Eighth Amendment nor any other constitutional guarantee."); Kent v. Pennsylvania, NO. CIV.A.04-1764, 2004 WL 2406690, *3 (E.D.Pa. Oct. 21, 2004) ("Rule 1100 is a state procedural rule that entitles a prisoner to release on bail (not dismissal) if held for more than 180 days before trial and, thus, violation thereof does not establish abridgement of Petitioner's Federal Sixth Amendment right to a speedy trial. *See Wells v. Petsock*, 941 F.2d 253, 256 (3d Cir. 1991). Therefore Petitioner has failed to allege facts sufficient to make out a Constitutional claim."), *report adopted by*, 2004 WL 2486262 (E.D.Pa. Nov. 4, 2004); Asque v. Commonwealth Allegheny County, NO. CIV A 07-294, 2007 WL 1247051, at *2 (W.D.Pa. April 27, 2007)("even if we assumed that Rule 600 were in fact violated, such a violation of a state rule of criminal procedure simply does not establish a violation of Plaintiff's federal rights").

---

[4] "Former Rule 1100, Pennsylvania's speedy trial rule, was re-codified as Pa. R.Crim. P. 600 as of Apr. 1, 2001. *See Commonwealth v. Prout*, 814 A.2d 693, 694 n. 1 (Pa.Super. 2002)." Kim v. Klem, Civ.A. 03-1628, 2003 WL 22204549, at *5 n.11 (E.D.Pa. July 31, 2003).

Petitioner has procedurally defaulted any claim that the alleged delay violated any of his federal constitutional rights because he failed to present any such federal constitutional claim in his direct appeal and/or during his PCRA proceedings. See, e.g., Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986) ("Both the legal theory and the facts on which a federal claim rests must have been presented to the state courts."). Because Petitioner never presented to the state courts any federal constitutional claim regarding the delay, and not being able to do so now, given Pennsylvania's state law on waiver and the one-year statute of limitations on PCRA petitions, both of which are independent and adequate state law rules of procedure,[5] we find that Petitioner has procedurally defaulted any federal constitutional claim based upon delay. Because Petitioner has not shown, as is his burden,[6] cause and prejudice[7] to excuse the default of this

---

[5] See, e.g., Barrett v. Patrick, Civ.A. 05-370J, 2006 WL 2077019, at *6 n.7 (W.D.Pa., July 24, 2006) ("Pennsylvania applies a rule of waiver in multiple contexts. An issue not raised at trial or on appeal is waived. Moreover, Pennsylvania's rule of waiver for failing to raise an issue on appeal is 'independent' of any federal law question.") (citations omitted). See also Tome v. Stickman, 167 F.App'x 320, 322 (3d Cir. 2006) (affirming the District Court where the "District Court ruled that Tome's federal ineffective assistance of trial counsel claim was never exhausted in the state appellate courts. Because such a claim could now be raised only in a second PCRA petition and such a petition would be barred by the PCRA's one-year statute of limitations, the District Court ruled that the claim was procedurally defaulted."); Driver v. Beard, No. 09-4444, 2010 WL 3655897, at *24 (E.D.Pa., Aug. 11, 2010) ("the PCRA's one-year statute of limitations which prevents petitioner from filing a PCRA petition at this point in time, 42 Pa. Cons.Stat. Ann. § 9545(b)(1), also is an adequate and independent ground for precluding federal habeas review."), *report adopted by*, 2010 WL 3655896 (E.D.Pa. Sept. 20, 2010).

[6] Bousley v. U.S., 523 U.S. 614, 626-27 (1998) (Stevens, J., concurring in part and dissenting in part) ("The Government charges petitioner with 'procedural default' because he did not challenge his guilty plea on direct appeal. The Court accepts this argument and therefore places the burden on petitioner to demonstrate either 'cause and prejudice' or 'actual innocence.'"); Ross v. Attorney General of State of Pennsylvania, No. 07-97, 2008 WL 203361, at *6 n.10 (W.D.Pa., Jan. 23, 2008).

[7] The only apparent claim of cause would be a claim of the ineffectiveness of his PCRA counsel (who withdrew) for failing to raise this issue as a claim of ineffectiveness of trial or direct appeal counsel for failing to raise this issue. However, a claim of ineffective assistance of PCRA

(footnote continued on next page)

claim, nor has he established a miscarriage of justice,[8] this claim cannot be addressed on the merits and thus, cannot serve to afford Petitioner relief from his convictions.

In the alternative, even if we were to address this claim on the merits, we would find it to be meritless. The factors to be considered when determining whether an accused's right to a speedy trial has been violated are: 1) the length of delay; 2) who is responsible for the delay; 3) whether the accused asserted his right to a speedy trial in the state tribunals and 4) whether the delay caused prejudice. Barker v. Wingo, 407 U.S. 514, 530 (1972); Heiser v. Ryan, 15 F.3d 299, 303 (3d Cir. 1994). Here, the second factor is dispositive.

In performing their analysis under Pa.R.Crim.P. 600, the state courts found that Petitioner was responsible for most of the delay in bringing him to trial/the guilty plea. See ECF No. 8-7 at 6 to 7 (Superior Court opinion, recounting that Petitioner was the one who requested continuances from September 17, 2002 to March 31, 2003; from March 31, 2003 to July 14, 2003, from July 14, 2003 to January 12, 2004 and from January 12, to July 6, 2004). We find that this determination is entitled to the presumption of correctness under AEDPA. 28 U.S.C. § 2254 (e)(1).

---

counsel cannot serve as "cause" to excuse a procedural default because Petitioner had no federal constitutional right to counsel at the PCRA stage of the proceedings. Coleman v. Thompson, 501 U.S. 722, 757 (1991) ("Because [the petitioner] had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of [his] claims in state court cannot constitute cause to excuse the default in federal habeas."); Hull v. Freeman, 991 F.2d 86, 91 (3d Cir. 1993) ("Under Coleman, ineffective assistance of post-conviction counsel cannot constitute 'cause' because the Sixth Amendment does not entitle a defendant to post-conviction counsel").

[8] There is no new evidence of his actual innocence so as to establish a miscarriage of justice. Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001); Hubbard v. Pinchak, 378 F.3d 333, 340 (3d Cir. 2004). Even if there were no requirement for "new evidence" to establish a miscarriage of justice, Petitioner could not, on this record, establish a miscarriage of justice, as it is clear that he committed the acts for which he was convicted.

The Court of Appeals for the Third Circuit has stated that "portions of the delay which are attributable to the defendant or his counsel 'will not be considered for purposes of determining whether the defendant's right to a speedy trial has been infringed.' *Wells v. Petsock*, 941 F.2d 253, 258 (3d Cir.1991)[.]" Gattis v. Snyder, 278 F.3d 222, 231 (3d Cir. 2002). Thus, this Court will not consider the delay attributable to Petitioner in its analysis. When excluding such delay attributable to Petitioner, it is clear that his speedy trial rights were not violated. He was charged on November 18, 2001, and was first scheduled for trial on September 17, 2002, less than one year after his being charged, Petitioner repeatedly requested continuances from September 17, 2002, until July 6, 2004, when he finally pled guilty. Excluding the delay attributable to Petitioner, there was less than a one year delay between him being charged and him pleading guilty, and this does not amount to an unconstitutional delay. See Doggett v. United States, 505 U.S. 647, 652 n.1 (1992) ("the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year."); Rashad v. Walsh, 300 F.3d 27, 33 (1st Cir. 2002) ("The case law indicates that short periods of delay-say, appreciably less than one year-ordinarily are insufficient to justify further inquiry.").

Next, Petitioner claims his guilty plea was the result of ineffective assistance of counsel because his counsel never spent sufficient time with him to determine the validity of the victim's accusations.

The state courts addressed this issue as follows:

> In the present case, trial counsel, Christopher Hoffman, Esquire ("Hoffman") testified at the PCRA hearing that he was assigned to this case on February 27, 2004. Hoffman indicated that, on that date, the trial notebook had been "pretty well put together by previous counsel," and that it contained police reports, medical reports of the victim, and the transcript of the preliminary hearing. N.T., 6/21-22/05, at 37. Hoffman indicated that he reviewed those materials and then set up an interview with Suber, which occurred on March 11, 2004. *Id.* Hoffman stated that he took detailed notes during his interview with

9

> Suber. *Id.* at 37-38. Counsel testified that, during the interview, Suber confessed, in graphic detail to the crimes. *Id.* at 38. In addition, Suber indicated on the written plea form that he had had "ample opportunity to consult with [his] attorney before entering [his] plea . . . ." Written Plea Colloquy, 7/6/04, at 9.
>
> It was within the discretion of the trial court to accept Hoffman's testimony as credible. ***Commonwealth v. O'Bryon***, 820 A.2d 1287, 1290 (Pa. Super. 2003)(citations omitted). Based on Hofffman's testimony, there is no merit to Suber's claim that Hoffman failed to meet with him for a sufficient amount of time to determine the validity of the victim's complaints as Suber confessed to Hoffman that he committed the crimes against the victim. Because Suber confessed to the crimes, there was no need to further "determine the validity" of the victim's complaints. Further, the record shows that Hoffman had ample evidence from Suber's previous attorney, and that he interviewed Suber regarding the crimes. Accordingly, we conclude that there is no merit to this claim. . . .

ECF No. 8-7 at 7 to 8. Petitioner fails to convince this Court that the state courts' adjudication of this claim was contrary to or an unreasonable application of then-existing Supreme Court precedent. Nor has he shown that the state courts' determination of the facts was unreasonable. We note further that in light of the DNA evidence that provided overwhelming evidence of Petitioner's guilt of the sexual assault of the victim, and his confession to Hoffman, Hoffman's advice to Petitioner to plead guilty cannot be deemed to have been ineffective assistance.[9]

Petitioner also contends that his counsel was ineffective because his plea was allegedly induced because his counsel assured him that his sentences would run concurrently. ECF No. 3 at 8. The state courts addressed this issue as follows:

> Thus, the record [of the plea transcript and the written plea colloquy] demonstrates that Suber was informed of the possibility of consecutive sentences, and indicated that he understood this possibility. . . . Thus, we conclude that there

---

[9] In this regard, we note that apparently, Petitioner was offered a plea agreement from the Commonwealth for a 6 to 12 year sentence and his counsel advised that he take the agreement. Petitioner rejected that and thought if he pled generally, he would get a better sentence from the sentencing judge. See SCR, PCRA Hearing Transcript, 6/21-22/2005, at 66 to 68. Petitioner was wrong.

10

> is no arguable merit to Suber's claim that his plea was unlawfully induced because counsel had informed him that his sentences for rape and IDSI would run concurrently.

ECF No. 8-7 at 9. We take the foregoing to be a finding of fact that his counsel did not promise Petitioner that his sentences would run concurrently and, in fact, informed Petitioner that his sentences could run consecutively. And indeed, the record shows affirmatively that Hoffman testified that he informed Petitioner the sentences could be consecutive. SCR PCRA Hearing transcript, 6/21-22/05 at 67, lines 18 to 20 ("THE COURT: Did you explain to him that the charges [sic] could be consecutive? THE WITNESS [i.e., Hoffman] Yes, I did."). See also id., at 70, lines 6 to 8. Petitioner has not carried his burden to rebut the presumed correctness of the state court's factual finding and, therefore, has failed to carry his burden under AEDPA to show entitlement to relief. Accordingly, this issue does not merit the grant of the writ.

Finally, Petitioner complains that he was given multiple sentences for "committing a single criminal act." ECF No. 3 at 8. He explicitly argues here that the sentences for rape and IDSI "should have and were promised to merge for sentencing purposes." ECF No. 3 at 8 & 10.

Petitioner procedurally defaulted this claim to the extent that he seeks to raise herein a claimed violation of the United States Constitution. In the state courts, Petitioner never presented this claim as one of violating the United States Constitution rather, he presented it merely as involving a claimed violation of the state law doctrine of merger. See, e.g., Petitioner's Pro Se Appeal Brief, ECF No. 8-6 at 18 ("The test for whether offenses will merge for purposes of sentencing is . . . .") (citing Commonwealth v. Ennis, 574 A.2d 1116 (Pa.Super. 1990), which, in turn, cited to Commonwealth v. Leon

11

Williams, 559 A.2d 25 (Pa. 1989) and Commonwealth v. Weakland, 555 A.2d 1228 (Pa. 1989), both of which addressed the state law doctrine of merger). Because the claim that his sentences should have "merged" is a state law claim under Pennsylvania's merger doctrine, such a claimed violation of state law cannot afford relief here. See, e.g., Gillespie v. Ryan, 837 F.2d 628, 631 (3d Cir. 1988) ("the [Pennsylvania law] merger doctrine is inapplicable") (the bracketed material is the Third Circuit Court of Appeals's characterization of the merger doctrine); U. S. ex rel. Morton v. Brierley, 299 F.Supp. 95, 96 (E.D. Pa. 1969) ("The relator has argued here, however, that in his case there was no evidence presented at trial which could support a conclusion that there were two separate offenses and, that, therefore, the trial court mis-applied the Pennsylvania law of merger. There are insuperable barriers which prevent this Court from viewing the relator's petition from this perspective, for this Court neither should function as another state appellate court not act affirmatively upon a petition for a writ of habeas corpus which is rested solely upon allegations as to state law."). See also Engle v. Isaac, 456 U.S. 107 (1982) (violations of state law or procedural rules alone are not sufficient; a petitioner must allege a deprivation of federal rights before habeas relief may be granted); Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991) (same). Because we find that he raised only a state law claim, we find any federal constitutional issue related to Petitioner's sentencing to have been waived under Pennsylvania law and because he cannot now raise any such federal constitutional issue in the state courts, given the one-year PCRA statute of limitations, the claim is procedurally defaulted. Having failed to show cause and prejudice and or a miscarriage of justice for such procedural default, this claim cannot afford Petitioner relief.

Because none of the issues Petitioner raises in his habeas petition merits the grant of relief, the petition must be denied.

### D. Certificate of Appealability

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000). In Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id., at 484-85. The test is conjunctive and both prongs must be met. Id. Applying this standard to the instant case, the Court concludes that jurists of reason would not find it debatable whether dismissal of some of the claims for being meritless and dismissal of some of the claims for being procedurally defaulted were correct. Accordingly, a certificate of appealability should be denied.

Hence, the following Order is entered:

AND NOW, this 10th day of February 2011, the habeas petition is hereby **DENIED**, as is a certificate of appealability.

**Petitioner is advised that he has the right for thirty (30) days to file a notice of appeal from our order denying his petition, see 28 U.S.C. § 2253(a); Fed. R.App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See Federal Rule of Appellate Procedure 22(b)(1).**

                                       s/Cathy Bissoon
                                       Cathy Bissoon
                                       U.S. Magistrate Judge

Dated:

cc:

RONALD LEE SUBER
FY-9693
SCI Mahanoy
301 Morea Road
Frackville, PA 17932

Counsel of Record via CM-ECF