IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD L. SUBER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 09-1049 |
| ) | |
| JOHN KERESTES; THE DISTRICT ) | Magistrate Judge Maureen P. Kelly |
| ATTORNEY OF THE COUNTY OF ) | |
| ALLEGHENY; and THE ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Respondents. ) | |

**OPINION AND ORDER**

Ronald Lee Suber ("Petitioner"), presented to this Court a Motion for Relief From Judgment (the "Motion"), ostensibly filed pursuant to Fed.R.Civ.P. 60(b). ECF No. 21. In addition, Petitioner filed a Memorandum of Law in Support. ECF No. 22. After being directed to do so, the Respondents have filed a Response to the Motion. ECF No. 24. The Motion is now ripe for decision.

In the Motion, Petitioner complains of the denial of his habeas petition by Judge Bissoon. Specifically, he complains about her treatment of his claim that his plea counsel was ineffective. Petitioner argues that

> Based on [*Commonwealth v*].*Garcia,* [23 A.3d 1059 (Pa.Super. 2011)], conclusion [sic] on *Padilla v. Kentucky*, [130 S.Ct.1473 (2010),] supra, clarifying and refining the scope of a criminal defendant[']s Sixth Amendment right to the effective assistance of counsel during the guilty plea process in Pennsylvania, this court has wrongly decided Petitioner's counsel's advice to plead guilty cannot be deemed to have been ineffective assistance warranting relief pursuant to Rule 60(b)(6) . . . .

ECF No. 21 at 5.

1

Because this Court finds that Petitioner is really attacking the denial of his ineffectiveness claim on the merits by Judge Bissoon in her order denying his habeas corpus petition, the so-called Motion filed pursuant to Rule 60(b) is really a second or successive Petition for Writ of Habeas Corpus and must be denied for lack of subject matter jurisdiction.

In the alternative, even if not a second or successive Section 2254 habeas petition, the Motion fails to show extraordinary circumstances so as to justify relief under Rule 60(b).

### A. FACTUAL AND PROCEDURAL HISTORY

Petitioner pleaded guilty to one count of Rape, one count of Involuntary Deviate Sexual Intercourse ("IDSI"), one count of Indecent Assault, one count of Indecent Exposure and one count of Corruption of Minors in the sexual assault of a seven year old girl.  Petitioner's wife was baby-sitting the girl when Petitioner committed the acts.

At the guilty plea hearing, the District Attorney summarized the factual basis of the plea, describing what evidence the Commonwealth would have produced, had the case gone to trial, as follows:

> She [i.e., the victim] would testify that she was asleep on the couch.  She awoke when the defendant pulled down her underwear. He then proceeded to lick her vagina, took her underwear off, exposed his penis, touched her, then climbed on top of her and put his penis in her vagina.
> She went to Children's Hospital where she was checked out and gave an interview.  Samples were taken from the defendant and the victim, and the DNA in fact in this case came back that it would be 1 in 381 time[s] 10 to the 15th power among the Negroid population that it is not Ron Suber, which I believe is one of the biggest numbers and strongest matches we've ever had in Allegheny County.

ECF No. 7 at 9 (quoting state court record, Guilty Plea Transcript at 5 to 6).

After challenging his plea in the state courts, Petitioner came to federal court. Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254. In the Petition, Petitioner raised three claims. Only the second claim is at issue in this Motion. The second claim ("Claim B") was:[1]

> Ground B. Petitioner was convicted on the basis of a guilty plea that was the product of ineffective assistance of counsel. This violated Petitioner's right to due process of law, as guaranteed by the Fifth Amendment to the U.S. Constitution. . . .
> Supporting Facts: No counsel met with Petitioner for any sufficient length of time to determine the validity of the victim's complaints. Petitioner's plea was the result of his reliance upon counsel's assurances that the sentences would be run on a concurrent basis.

ECF No. 3 at 8. On February 10, 2011, Judge Cathy Bissoon denied the Petition.[2] In rejecting Claim B, Judge Bissoon found that Petitioner failed to carry his burden under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) ("AEDPA"), to

---

[1] The other two issues were:

> Ground A. The State unreasonably delayed in bringing Petitioner to trial. This violated Petitioner's right to due process of law, as guaranteed by the Fifth Amendment to the U.S. Constitution.
> Supporting Facts: Petitioner was arrested on 11/18/01 and charged with rape and Involuntary Deviate Sexual Intercourse. Preliminary hearing was held on 12/12/01. Guilty plea was entered on 7/6/04. 967 days expired between arrest and guilty plea.
> . . . .
> Ground C. Petitioner was given unconstitutional multiple sentences for committing a single criminal act. This violated Petitioner's right against cruel and unusual punishment as guaranteed by the Eighth Amendment to the U.S. Constitution. . . .
> Supporting Facts: The rape and Involuntary Deviate Sexual Intercourse charges should have and were promised to merge for sentencing purposes in that they constituted a single offense thereby rendering the sentence illegal.

ECF No. 3 at 8 and 10.

[2] The parties had consented to have Judge Bissoon exercise plenary jurisdiction. Judge Bissoon
(footnote continued on next page)

show that the state court's rejection of Claim B was unreasonable application of then-existing United States Supreme Court precedent on ineffective assistance of counsel.  Judge Bissoon also found Petitioner failed to carry his burden under AEDPA to show that the factual findings made by the state courts in disposing of Claim B were unreasonable.  ECF No. 15 at 10 ("Petitioner fails to convince this Court that the state courts' adjudication of this claim was contrary to or an unreasonable application of then-existing Supreme Court precedent. Nor has he shown that the state courts' determination of the facts was unreasonable.").   Judge Bissoon further noted the following:

> in light of the DNA evidence that provided overwhelming evidence of Petitioner's guilt of the sexual assault of the victim, and his confession to Hoffman [i.e., Petitioner's plea counsel], Hoffman's advice to Petitioner to plead guilty cannot be deemed to have been ineffective assistance.[9]
>
> _____
> [9] In this regard, we note that apparently, Petitioner was offered a plea agreement from the Commonwealth for a 6 to 12 year sentence and his counsel advised that he take the agreement. Petitioner rejected that and thought if he pled generally, he would get a better sentence from the sentencing judge. See SCR, PCRA Hearing Transcript, 6/21-22/2005, at 66 to 68. Petitioner was wrong.

ECF No. 15 at 10.

Petitioner also contended that his plea counsel was ineffective for assuring Petitioner that his multiple sentences for his multiple crimes would be made to run concurrently.   Judge Bissoon rejected this contention as well.  In doing so, Judge Bissoon noted that the state courts found as a fact that Petitioner's plea counsel made no such assurances and Judge Bissoon concluded that Petitioner failed to carry his burden under AEDPA to rebut the presumed correctness of this factual finding.  ECF No. 15 at 10 to 11.

_____

at that time, was a Magistrate Judge.

y
w

Petitioner sought a Certificate of Appealability from the United States Court of Appeals but was denied. He also filed a petition for writ of certiorari with the United States Supreme Court but that Court denied the petition for certiorari on or about October 3, 2011.

On January 25, 2012, the Clerk's Office received Petitioner's current Motion and Memorandum in Support. At that time, this case was reassigned to the undersigned. This Court ordered the Respondents to file a Response to the Motion. ECF No. 23. The Respondents did so. ECF No. 24.

### B. DISCUSSION

**1. True Rule 60(b) Motion versus Second or Successive Section 2254 Petition.**

AEDPA barred state prisoners from bringing second or successive Section 2254 habeas petitions in the United States District Courts without first obtaining permission from the relevant United States Court of Appeals. 28 U.S.C. § 2244(b). Since AEDPA's enactment, federal Courts had been facing the difficult task of determining whether a Motion ostensibly filed pursuant to Fed.R.Civ. P. 60(b) was truly, in law and in fact, a Rule 60(b) motion or whether it was a second or successive Section 2254 habeas petition. The United States Supreme Court addressed this issue in the case of Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

For habeas petitioners, Rule 60(b) may not be used to avoid the prohibition set forth in 28 U.S.C. § 2244(b) against second or successive petitions. In Gonzalez, the Court explained that a Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new ground for relief or "attacks the federal court's previous resolution of a claim on the merits." Id. at 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at n.4. The Court further explained that a Rule 60(b) motion does not constitute a second or successive

petition when the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id.  When "no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." Id., at 533.

As the Respondents correctly point out "[t]he initial consideration in reviewing the instant motion is determining whether the motion is truly a Rule 60(b) motion or in fact a veiled attempt at a second federal habeas petition."  ECF No. 24.  See United States v. Dowell, 438 F.App'x 706, 708 (10th Cir. 2011) ("We must first decide whether Dowell's motion is properly characterized as a Rule 60(b) motion or whether it is actually a second or successive habeas petition under 28 U.S.C. § 2255(h).").  We find that the present Motion is in fact a second or successive Section 2254 Petition.

Both of Judge Bissoon's determinations on February 10, 2011 that 1) Petitioner failed to show that the state courts' disposition of his Claim B was contrary to or an unreasonable application of then-existing United States Supreme Court precedent and 2) her determination that Petitioner failed to show the state courts unreasonably found facts, constitute a "resolution of [Petitioner's Claim B] on the merits" within the contemplation of Gonzalez v. Crosby. Petitioner's Claim B is an attack on Judge Bissoon's determination, asserting that her decision was wrong.  ECF No. 21 at 5 ("this court has wrongly decided Petitioner's counsel's advice to plead guilty cannot be deemed to have been ineffective assistance").  Therefore, pursuant to Gonzalez v. Crosby, Petitioner's Motion is a second or successive Section 2254 Petition over which this Court lacks subject matter jurisdiction until and unless Petitioner obtains permission from the United States Court of Appeals for the Third Circuit to file such.  Because Petitioner

has not alleged that he obtained such permission,[3] the present Motion, treated as a second or successive Section 2254 habeas petition must be dismissed for lack of subject matter jurisdiction.[4]

### 2. Even if the Motion Were a True Rule 60(b) Motion, it fails to Merit Relief.

In the alternative, even if the Motion could be properly construed as a true Rule 60(b) motion, Petitioner has failed to show any extraordinary circumstances so as to justify granting Rule 60(b) relief.

Petitioner claims entitlement to relief under Fed.R.Civ.P. 60(b)(6). ECF No. 21 at 5 (Petitioner argues in the Motion that his Motion "warrant[s] relief pursuant to Rule 60(b)(6)"). Even if Petitioner did not explicitly invoke subsection 6, we would find subsection 6 to be the only applicable subsection as the other options do not apply.[5]

---

[3] Goins v. Beard, No. Civ.A. 09-1484, 2010 WL 545891, at *5 (W.D.Pa., Feb. 9, 2010) ("it is Petitioner's burden to show that he sought and received permission from the Court of Appeals to file a second or successive Section 2254 habeas petition in this Court, and he has failed to carry that burden and this is sufficient to recommend dismissal of the instant petition for lack of subject matter jurisdiction") (footnote omitted).

[4] Berry v. Klem, 86 F.App'x 516, 517 (3d Cir. 2004) ("Section 2244(b) is effectively 'an allocation of subject-matter jurisdiction to the court of appeals.' Thus, '[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.'") (citations omitted).

[5] Fed.R.Civ.P. 60(b) provides that
> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> > (4) the judgment is void;

(footnote continued on next page)

A motion under subsection (b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

The only argument Petitioner makes is that a decision of the Pennsylvania Superior Court in Commonwealth v. Garcia, 23 A.3d 1059 (Pa.Super. 2011), which construed Padilla v. Kentucky, 130 S.Ct. 1473 (2010) somehow rendered Judge Bissoon's prior denial of Petitioner's habeas petition incorrect. ECF No. 21 at 5 (asserting that Judge Bissoon's denial of Petitioner's Claim B was "wrongly decided"). This mere alleged legal error is not sufficient as the United States Court of Appeals has explained: "[t]he standards for deciding a Rule 60(b)(6) motion are well settled and familiar. '[L]egal error does not by itself warrant the application of Rule 60(b). .... Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6).'" Pridgen v. Shannon, 380 F.3d 721, 728 (3d Cir. 2004). We find that at most Petitioner alleged legal error on the part of Judge Bissoon in rejecting his Claim B. This is insufficient.

Moreover, we find that Petitioner fails to even sustain his burden to show that Judge Bisssoon committed any error. The cases that Petitioner cites, namely, Garcia and Padilla, have little or nothing to do with Petitioner's Claim B. In Padilla, the United States Supreme Court held that the failure of a criminal defense attorney to warn his client about possible immigration consequences to the client's pleading guilty could constitute ineffective assistance under the Sixth Amendment. In Garcia, the appellant therein (the "Appellant") was a foreign citizen

---

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

although he was a legal permanent resident of the United States. The Appellant pleaded guilty to a crime and was not told by the criminal defense attorney of any possible immigration consequences to his plea. As a consequence of the plea, the United States initiated removal procedures against Appellant. The Appellant sought to have his conviction vacated by filing a PCRA petition in the Pennsylvania state courts arguing that he received ineffective assistance of plea counsel and invoking the holding of Padilla. The PCRA Court dismissed the PCRA pettion as untimely filed. The Appellant appealed and apparently argued an exception to the PCRA statute of limitations, contending that Padilla, was a new rule of constitutional law made retroactive by the United States Supreme Court. If Padilla had in fact recognized a new rule of constitutional law and made such rule retroactive, then Appellant's PCRA petition would fall into the exception to the PCRA statute of limitations.

In rejecting the Appellant's argument, the Pennsylvania Superior Court merely held that Padilla did not recognize a new constitutional right. Garcia, 23 A.3d at 1064 ("We conclude that the United States Supreme Court's Opinion in *Padilla*, did not recognize a new 'constitutional right' as envisioned by our legislature in enacting" the exception to the PCRA statute of limitations). We fail to see the relevance of either case to Petitioner's case and he fails to enlighten us as to their relevance. The mere citation of such cases utterly fails to establish that Judge Bissoon made any error, yet alone a legal error in rejecting Petitioner's Claim B. Accordingly because we find that Petitioner has failed to establish extraordinary circumstances, the Motion will be denied.

### C.  CERTIFICATE OF APPEALABILITY

To the extent that one is needed, given that we find the Motion to constitute a second or successive Section 2254 petition, a certificate of appealability should be denied because

reasonable jurists would not find debatable that the Motion is truly a second or successive Section 2254 petition.

## ORDER

Hence, the following Order is entered:

**AND NOW**, this 10th day of September 2012, the Motion, treated as a second or successive Section 2254 petition, is hereby **DISMISSED** for lack of subject matter jurisdiction. In the alternative, the Motion treated as a true Rule 60(b)(6) motion is hereby **DENIED** because Petitioner failed to establish extraordinary circumstances so as to justify relief under Fed.R.Civ.P. 60(b)(6).

BY THE COURT:

s/Maureen P. Kelly
Maureen P. Kelly
United States Magistrate Judge

cc:

RONALD LEE SUBER
FY-9693
SCI Mahanoy
301 Morea Road
Frackville, PA 17932

Counsel of Record via CM-ECF