IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD L. SUBER , | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-1049 |
| | ) | U.S. Magistrate Judge Maureen P. Kelly |
| JOHN KERESTES; THE DISTRICT | ) | |
| ATTORNEY OF THE COUNTY OF | ) | |
| ALLEGHENY; and THE ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| PENNSYLVANIA, | ) | Re:  ECF No. 26 |
| | ) | |
| Respondents | ) | |

**MEMORANDUM ORDER**

Ronald Lee Suber ("Petitioner"), a state prisoner, pleaded guilty to one count of Rape,

one count of Involuntary Deviate Sexual Intercourse ("ISDI"), one count of Indecent Assault,

one count of Indecent Exposure and one count of Corruption of Minors in the sexual assault of a

seven year old girl, whom Petitioner's wife was babysitting.

The Petition for Writ of Habeas Corpus that Petitioner filed in this Court was denied by

Judge Cathy Bissoon on February 10, 2011.  ECF No. 15.  The United States Court of Appeals

for the Third Circuit denied a certificate of appealability.  ECF No. 19.  On January 25, 2012,

Petitioner filed his first Motion for Relief pursuant to Fed.R.Civ.P. 60(b) (the "First Motion").

On September 10, 2012, the undersigned denied the First Motion, finding that it constituted a

second or successive habeas petition.  ECF No. 25.   On October 17, 2012, Petitioner filed a

second Motion for Relief pursuant to Fed.R.Civ.P. 60(b) (the "Second Motion"), ECF No. 26 as

well as a Memorandum of Law in support, ECF No. 27, which invoked the decision of Martinez

v. Ryan, __ U.S.  __, 132 S.Ct. 1309 (3/20/2012), and raised a claim of PCRA counsel's

1

ineffectiveness.  After this Court ordered a response, the Respondents filed their response.  ECF

No. 28.  The Second Motion is now ripe for disposition.

In the Second Motion, Petitioner relies upon  Martinez v. Ryan.  In the Martinez case, the

United States Supreme Court changed the prior rule that ineffective assistance of PCRA trial

counsel could not serve as "cause" to excuse a procedural default of claims of trial counsel's

ineffectiveness.  In the Memorandum of Law, Petitioner claims that his counsel in the first

PCRA proceedings was ineffective for failing to raise the claim that his trial counsel was

ineffective for failing to file a pre-trial motion pursuant to Pa.R.Crim.P. 600, which requires trial

be commenced within a certain period of time or the charges will be dismissed with prejudice.

See ECF No. 27 at 4 ("it is appropriate to allow Petitioner the opportunity to demonstrate that his

PCRA attorney [in the first PCRA proceedings] was ineffective for failing to pursue in the initial

PCRA proceeding, Petitioner's first claim of trial counsel['s] ineffective assistance.").

Petitioner's Second Motion will be denied because the *raison d'etre* of the procedural

default doctrine is to prohibit federal courts from addressing claims on the merits that the federal

habeas petitioner waived in the state courts.  Petitioner invokes Martinez so as to excuse the

procedural default of his claim that his trial counsel was ineffective and to have that claim

addressed on the merits.  However, because Judge Bissoon did address the procedurally

defaulted claim on the merits, Martinez has no effect on the outcome of this case.

The United States Court of Appeals for the Third Circuit has explained that the "doctrine

of procedural default in effect makes compliance with all relevant state-law procedural rules a

precondition to federal habeas relief."  Hull v. Freeman, 932 F.2d 159, 165 (3d Cir. 1991),

*overruled on other grounds by*, Caswell v. Ryan, 953 F.2d 853 (3d Cir. 1992).  See also

Wainwright v. Sykes, 433 U.S. 72 (1977) (failure to object at trial constituted waiver of issue

under state law and hence, a procedural default under federal habeas law); Francis v. Henderson,

425 U.S. 536 (1976) (failure to comply with state procedure requiring challenges to composition

of grand jury be made before trial constituted state waiver and, therefore, also constituted

procedural default for purposes of federal habeas).  Under the procedural default doctrine, there

are two exceptions to the procedural default rule that a claim waived in state court may not be

addressed on the merits in a federal habeas proceeding.  Wainwright v. Sykes;  Werts v.

Vaughn, 228 F.3d 178, 193 (3d Cir. 2000).   One exception is for the habeas petitioner to show

"cause and prejudice."   Werts.  One traditional form of "cause" to excuse the procedural default

of a claim was where the claim was waived due to the ineffective assistance of counsel so long as

the petitioner had a federal right to counsel at the time of the waiver.   Domes v. Wakefield, NO.

CIV.A. 05-457, 2006 WL 1437172 at * 10  (W.D.Pa. Jan. 19, 2006) ("the ineffective assistance

of PCRA counsel cannot serve as cause given that there is no federal right to counsel at the

PCRA stage")(citing Werts v. Vaughn, 228 F.3d 178, 189 n. 4 (3d Cir. 200)).  It is here where

the Supreme Court's recent decision in Martinez changed the landscape of the procedural default

doctrine.  Martinez held that even though there may not be a federal constitutional right to

counsel in post- conviction proceedings, such as the PCRA proceeding in Pennsylvania,

ineffective assistance of post-conviction counsel at the trial level in the post-conviction

proceedings, which causes the waiver of a claim may serve as "cause" to excuse the procedural

default of the claim in the federal habeas proceedings.  This then would permit the federal habeas

court to reach the merits of the claim that was waived in the state courts, notwithstanding the

procedural default.

    As applicable here, Martinez would mean that even if Petitioner's PCRA counsel had

waived the claim of trial counsel's ineffectiveness for failing to file a Rule 600 motion in the

state courts, Judge Bissoon could have addressed the procedurally defaulted issue on the merits.

However, Judge Bissoon did, in fact, find that Petitioner's claim of delay in bringing Petitioner

to trial was meritless, ECF No. 15 at 8 to 9,[1] and thereby, implicitly found that Petitioner's claim

of trial counsel's ineffectiveness for failing to file a Rule 600 motion (in order to raise the claim

of illegal delay) to have been meritless.  This is so because Petitioner's trial counsel cannot be

---

[1]  Judge Bissoon reasoned as follows:

> In the alternative, even if we were to address this claim on the merits, we
> would find it to be meritless. The factors to be considered when determining whether
> an accused's right to a speedy trial has been violated are: 1) the length of delay; 2)
> who is responsible for the delay; 3) whether the accused asserted his right to a speedy
> trial in the state tribunals and 4) whether the delay caused prejudice. *Barker v. Wingo*,
> 407 U.S. 514, 530 (1972); *Heiser v. Ryan*, 15 F.3d 299, 303 (3d Cir. 1994). Here, the
> second factor is dispositive.
>
> In performing their analysis under Pa.R.Crim.P. 600, the state courts found
> that Petitioner was responsible for most of the delay in bringing him to trial/the guilty
> plea. *See* ECF No. 8-7 at 6 to 7 (Superior Court opinion, recounting that Petitioner
> was the one who requested continuances from September 17, 2002 to March 31,
> 2003; from March 31, 2003 to July 14, 2003, from July 14, 2003 to January 12, 2004
> and from January 12, to July 6, 2004). We find that this determination is entitled to
> the presumption of correctness under AEDPA. 28 U.S.C. § 2254 (e)(1).
>
> The Court of Appeals for the Third Circuit has stated that "portions of the
> delay which are attributable to the defendant or his counsel 'will not be considered
> for purposes of determining whether the defendant's right to a speedy trial has been
> infringed.' *Wells v. Petsock*, 941 F.2d 253, 258 (3d Cir.1991)[.]" *Gattis v. Snyder*,
> 278 F.3d 222, 231 (3d Cir. 2002). Thus, this Court will not consider the delay
> attributable to Petitioner in its analysis. When excluding such delay attributable to
> Petitioner, it is clear that his speedy trial rights were not violated. He was charged on
> November 18, 2001, and was first scheduled for trial on September 17, 2002, less
> than one year after his being charged, Petitioner repeatedly requested continuances
> from September 17, 2002, until July 6, 2004, when he finally pled guilty. Excluding
> the delay attributable to Petitioner, there was less than a one year delay between him
> being charged and him pleading guilty, and this does not amount to an
> unconstitutional delay. *See Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)
> ("the lower courts have generally found postaccusation delay 'presumptively
> prejudicial' at least as it approaches one year."); *Rashad v. Walsh*, 300 F.3d 27, 33
> (1st Cir. 2002) ("The case law indicates that short periods of delay-say, appreciably
> less than one year-ordinarily are insufficient to justify further inquiry.").

ECF No. 15 at 8 to 9.

deemed ineffective for failing to raise the meritless issue of alleged delay.  Werts v. Vaughn, 228

F.3d 178, 202 (3d Cir. 2000) ("counsel cannot be deemed ineffective for failing to raise a

meritless claim").  Thus, because Judge Bissoon implicitly addressed the claim of trial counsel's

ineffectiveness on the merits, Martinez has no practical impact on the outcome of this case.  The

Martinez decision would only serve to permit Judge Bissoon to have addressed the claim on the

merits and she, in fact, did so.

 Hence, the following Order is entered:

 **AND NOW**, this 21st day of December 2012, the Second Motion is hereby **DENIED**

because Petitioner failed to establish extraordinary circumstances so as to justify relief under

Fed.R.Civ.P. 60(b)(6).

BY THE COURT:

s/Maureen P. Kelly
Maureen P. Kelly
United States Magistrate Judge

cc: RONALD LEE SUBER
  FY-9693
  SCI Mahanoy
  301 Morea Road
  Frackville, PA 17932

  Counsel of Record via CM-ECF